NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-256-JBC

GREGORY PENN                                                                                    PLAINTIFF

VS:                     **MEMORANDUM OPINION AND ORDER**

CORRECTIONS CORPORATION
    OF AMERICA, ET AL.                                                                       DEFENDANTS

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

This matter is before the court after the parties have responded to an order [Record No. 9] requiring them to show cause why the instant cause of action should not be dismissed, based the plaintiff's failure to file the action within the time allotted by Kentucky's statute of limitations.

BACKGROUND

On November 28, 2005, prisoner-plaintiff Gregory Penn, who is currently confined in Oklahoma, initiated this case with the filing of a motion to proceed *in forma pauperis,* and on December 1, 2005, his *pro se* complaint, pursuant to 42 U.S.C. § 1983, was entered in the United States District Court for the District of Vermont, *Penn v. Corrections Corporation of America, et al.*, No. 1:05-CV-308. Penn described himself as a Vermont prisoner who had served a portion of a Vermont sentence in the custody of the Corrections Corporation of America ("CCA"), at the Lee Adjustment Center ("LAC") in Beattyville, Kentucky.

Plaintiff alleged that while he was housed at the LAC, from approximately February 7, 2004, to March 20, 2004, he was subjected to numerous violations of his constitutional rights. Penn named as the defendants the CCA, the Vermont Commissioner of Corrections, several prison employees at the LAC, as well as Unknown John Does there.

The defendants responded, by counsel, with the filing of a motion to dismiss. The Vermont Commissioner argued that he was entitled to dismissal from the action because he is immune from suit in his official capacity and he was not personally involved in any of the complained-of conduct so as to be liable in his individual capacity. The rest of the defendants urged dismissal of the entire action for improper venue, as Penn should have brought it in Kentucky under 28 U.S.C. § 1391(b).

As to the venue issue, the defendants noted that under 28 U.S.C. § 1406(a), the remedy for an action improperly filed in the wrong district is either to dismiss the case or to transfer it to the correct venue, the transfer being authorized only if transfer "is in the interest of justice." Alleging that the plaintiff's action was fatally flawed in two respects (dismissal purportedly warranted for his failure to exhaust administrative remedies and his failure to timely file under Kentucky's one-year statute of limitations), the defendants urged dismissal rather than transfer.

On July 20, 2006, the district court adopted a Magistrate Judge's Report and Recommendation in a final order dismissing only the Vermont Commissioner; discussing the available options for improper venue in 28 U.S.C. §§ 1404 and 1406; and transferring this action to the district in which the complained-of events took place, *i.e.*, the Eastern District of Kentucky, pursuant to 28 U.S.C. § 1406(a). The case file arrived in the office of the clerk of this court on August 14, 2006.

This court proceeded to perform the screening function required for a prisoner's or indigent's complaint, as is mandated by 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A; and *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). Having done so, on October 5, 2006, the court issued an order, *sua sponte*, finding that the resolution of the issue of whether the action is barred by Kentucky's one-year statute of limitations is appropriate as an initial matter, as there would be no reason for the court to consider any other issues if the action should be dismissed for the plaintiff's failure to timely file his cause of action.

Therefore, this court dismissed pending motions of the plaintiff without prejudice; directed a clarification of which defendants the CCA's attorney represents; and ended its order with instructions to the parties to address the statute-of-limitations issue. Since that time,[1] Penn has complied by filing a "Declaration in Opposition to Dismissal," and after making a motion for a short extension of time, the defendant CCA has now submitted its response.

## POSITIONS OF THE PARTIES

In his pleading opposing dismissal [Record No. 12], the plaintiff alleges that immediately after the complained-of events, when LAC guards learned that he was preparing to file a lawsuit, they first banned all contact between him and the law librarian and then he was transferred to "another CCA facility in Arizona that had no Vermont legal

---

[1] Since the court ordered the parties to address the statute-of-limitations issue, the plaintiff has also submitted what appears to be a group pleading, consisting of his "First Request for Production of Documents," a "First Set of Interrogatories upon Defendant Unknown Chaplain," a "First Request for Production of Documents," a "First Set of Interrogatories upon Defendant Fox," and a certificate of service of all of these components on counsel for the CCA. Record No. 11.

3

materials at all." He also alleges that he was told in Arizona that he could have only one hour per week of access to that facility's law library.

The plaintiff claims that had the LAC defendants not interfered with his rights by taking these actions, his complaint would have been timely filed under Kentucky law. Additionally, he states that this may be a case "for various forms of tolling." Further, the plaintiff contends that he could not exhaust his administrative remedies about any of his complaints at the LAC because he was first denied writing materials, and later, when he did file two grievances, they were not answered. Finally, he cites to a case in which the Third Circuit purportedly held that prison officials must not use segregation or transfers to block prisoners' access to courts.

In response [Record No. 15], the CCA urges dismissal grounded in the plaintiff's failure to file this case within the time set by Kentucky's statute of limitations, *i.e.*, one year. The CCA stresses that 20 months elapsed between the plaintiff's leaving the LAC and his filing of his complaint about events there. The CCA's brief reveals additional facts, which are supported by the affidavit of the LAC Quality Assurance Manager, Mitchell Brandenburg, and his attached exhibits. As to the plaintiff's claims that his transfer was to retaliate against him or to bar his access to the courts, Brandenburg swears that during his 6½-week incarceration at the LAC, Penn was convicted of "a significant number" of prison infractions, was punished with "a substantial amount of time in segregation," and was transferred away only because the LAC does not have a long-term segregation unit and the Arizona facility does.

The affiant also claims that Penn did not exhaust his administrative remedies, as is required by 42 U.S.C. § 1997e, and that this failure constitutes a separate ground for

4

dismissal. He attaches a copy of the Kentucky grievance procedures to which the CCA is required to adhere at LAC and a copy of the only grievance which was filed by the plaintiff in the LAC records. It contains Penn's request to see a legal aide on his fourth day at the LAC, and it shows that the request was granted. The affiant swears that there were no other grievance efforts from the petitioner, even though there was a procedure to continue a grievance even after a transfer to another location. Also, there was no evidence of an appeal from him in the Commissioner's[2] records, where any appeal would be decided and the grievance procedures exhausted.

With regard to applicable law, this defendant writes, "In analyzing the running of the statute of limitations in this action, we must necessarily look to the applicable cases . . . to determine when, if exhaustion has occurred, when it was completed," because the statute of limitations is tolled during the time that a prisoner is diligently pursuing the administrative remedy procedures.

The CCA points to the plaintiff's admission that when his two grievances at LAC were unanswered, he made no further efforts. The CCA argues that if the lack of a response is considered to be the exhaustion point of the remedies available to the plaintiff at the LAC, then tolling of the statute of limitations ended during his stay and the filing of the instant action more than 20 months later is clearly beyond the statutory one-year period. Even if he had pursued the administrative procedures further, during which time the statute would be tolled, the procedures' timetable shows administrative exhaustion

---

[2] The final step in Kentucky's grievance procedures is an appeal to the Kentucky Department of Corrections Commissioner, and the defendant explains that for Vermont prisoners, this final appeal actually goes to Vermont's Commissioner, not Kentucky's.

would have been completed in only a few months, so that his filing of this lawsuit would still have been 17.5 months later, again well past the one-year limitations period.

Therefore, the CCA concludes, dismissal is required by law.

## DISCUSSION

The defendant is correct in all respects. As this court noted in its show-cause order, the state statute of limitations for personal injuries governs claims under the federal constitution and 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Frisby v. Board of Education of Boyle County*, Ky. App., 707 S.W.2d 359, 361 (1986). In Kentucky, a personal injury claim must be brought within one year after the cause of action accrues. K.R.S. 413.140; *see also University of Kentucky Bd. of Trustees v. Hayse*, 782 S.W.2d 609 (Ky. 1989), *cert. denied*, 497 U.S. 1025 (1989) and 498 U.S. 938 (1990).

In this case, the issue becomes when the plaintiff's cause of action accrued. Although the federal court in § 1983 actions borrows the state's statute of limitations, federal law supplies its own rule of claim accrual. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). A cause of action accrues and the statute of limitations begins to run when a plaintiff knew or had reason to know of the injury that is the basis for the claim. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991) (courts look for the event that should alert a typical lay person to protect his or her rights); and *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 183 (6th Cir. 1990).

Under this law, the plaintiff's various claims springing from his stay at the LAC began to accrue as events occurred during that stay. By the time of his transfer out of the LAC

to the Arizona prison on March 20, 2004, he admits that he knew that personnel at the LAC had violated his rights and he had been trying to file a lawsuit about them even before he left. Yet Penn did not actually file his complaint until December 1, 2005, more than 20 months after he left there. Even if the court construes his allegations to assert that the LAC defendants arranged for the transfer and for his limited access to a legal library or legal aide at the Arizona facility, he knew or should have known, at the latest, on the day of transfer or shortly after his arrival in Arizona that such was the case. Still, he let the 20 months run, without filing a grievance or a lawsuit, so as to protect his rights.

The plaintiff has urged equitable tolling. The CCA is correct in stating that the determination of whether a claim is time-barred is complicated by consideration of the prisoner's use of the prison's administrative remedies and the need to decide whether equitable tolling is appropriate. Since 1996, with the passage of 42 U.S.C. § 1997e, prisoners must exhaust available administrative remedies as a prerequisite to filing a lawsuit. So long as the plaintiff is diligently pursuing his administrative remedies, the statute of limitations is tolled. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

In the instant case, the description of CCA procedures and the attached administrative remedies for prisoners in Kentucky reveal that proper exhaustion of a claim administratively would have consumed only 2½ months, at most. Thus, even had this plaintiff not started the administrative process until the date of his arrival in Arizona, the statute of limitations would have been tolled only for that 2½-month period, and Penn's filing of this action would still have been untimely because he would have let a 17-month period pass before filing this lawsuit, well beyond the statutory period.

The court is also obliged to follow any applicable Kentucky tolling provisions.

*Perdue v. Ferril*, 2006 WL 1642300 at *4 (W.D.Ky. 2006) (slip op.) (citing *Ford v. Hill*, 874 F.Supp. 149, 151 (E.D. 1995)).  However, the plaintiff has urged no other basis for equitable tolling under Kentucky law and the court finds none, certainly none which would permit tolling for a period long enough to make the November 28, 2005 filing of his complaint timely.

The court concludes that the instant action is time-barred because of the plaintiff's failure to file it within the one-year statute-of-limitations period, as is required for civil rights actions in Kentucky.  Where a claim is clearly time-barred, the court may dismiss it *sua sponte*.  See *Stimac v. Bostick*, 7 F.3d 235, 1993 WL 38499 at *1 (6th Cir. 1993); *Cuco v. Federal Medical Center-Lexington*, 2006 WL 1635668 (E.D.Ky. 2006) (slip op.).  Therefore, even LAC defendants who did not make an appearance in this action are entitled to dismissal on statute-of-limitations grounds.  Accordingly, the court will enter a final judgment dismissing all of the defendants and striking this case from its docket.

The plaintiff's cited case does not change this result.  *Allah v. Seiverling*, 229 F.3d 220, 224 (3rd Cir. 2000), held that a prolonged stay in segregation may give rise to both an access to court and a retaliation claim.  The Third Circuit, therefore, reversed the district court's summary dismissal based on *Sandin v. Conner*, 515 U.S. 472 (1995).  The *Allah* case did not, however, have a statute of limitations issue.  Because the instant case is time-barred, this court does not reach the question of whether this plaintiff has stated either an "access to courts" or retaliation claim.

## CONCLUSION

8

Accordingly, **IT IS ORDERED** as follows:

(1)     The motion for extension of time [Record No. 14] is **GRANTED**;

(2)     the plaintiff has failed to show cause why this action should not be dismissed for his failure to file it within one year from the time his claims accrued;

(3)     this action will be **DISMISSED** from the docket of the court, and judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the defendants.

Signed on November 27, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY